UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LON NEGRIN, FUSION, S.A. AND,          :
TOP OF PRODUCTIONS, LLC,

                                       :

                     Plaintiffs,

                                       :

        -against-                              **REPORT AND RECOMMENDATION**

                                       :

IRWIN KALINA, Appointed Administrator          09 Civ. 6234 (BSJ)(KNF)
of the Estate of Robert Kalina,        :

                     Defendant.        :
-----------------------------------------------------------X
IRWIN KALINA, Appointed Administrator  :
of the Estate of Robert Kalina,

                                       :

                  Counter Claimant,

                                       :

        -against-

                                       :

LON NEGRIN, FUSION, S.A. AND,
TOP OF PRODUCTIONS, LLC,                :

                  Counter Defendants.  :
-----------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE BARBARA S. JONES, UNITED STATES DISTRICT JUDGE

## PROCEDURAL BACKGROUND

On July 13, 2009, the plaintiffs commenced this action against Robert Kalina, David

Peeler and Mobay Sportswear, Inc., based on the court's diversity jurisdiction, asserting : (1)

breach of fiduciary duty; (2) unjust enrichment; (3) tortious interference with contract; (4) fraud;

and (5) conversion.  On July 23, 2009, the defendants were served with the summons and

complaint, Docket Entry No. 9.  On September 1, 2009, "defendants Robert Kalina, David

Peeler, and Mobay Sportswear, Inc." moved to dismiss the action or, alternatively, to stay the

1

action pending the resolution of related proceedings in Nicaragua, Docket Entry No. 5.

On December 15, 2009, "[i]n accordance with Federal Rules of Civil Procdure 25(a), defendants note[d] the death during the pendency of this action of Robert Michael Kalina," who "died suddenly and unexpectedly on November 21, 2009."  On March 11, 2010, the plaintiffs made a motion "for an Order, pursuant to Rule 25(a)(1) of the Federal Rules of Civil procedure, substituting Irwin Kalina, the duly appointed administrator of the estate of Robert Kalina, for Robert Kalina, the above-named defendant, now deceased, and providing for the continuance of the action."  On July 15, 2010, the defendants' motion to dismiss and, alternatively, to stay the action, was denied.  On July 29, 2010, the defendants filed their "Answer, Affirmative defenses, and Counterclaims," Docket Entry No. 29, followed, shortly thereafter, by their "First Amended Counterclaims," Docket Entry No. 32.  The plaintiffs' motion for substitution and continuance of the action was granted.  On January 24, 2012, by a court-approved joint stipulation of dismissal with prejudice: (i) the plaintiffs dismissed all their claims against David Peeler and Mobay Sportswear, Inc. and (ii) David Peeler and Mobay Sportswear, Inc. dismissed their counterclaims against the plaintiffs.

On February 29, 2012, the Clerk of Court certified that

> this action commenced on July 13, 2009 with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant ROBERT KALINA by serving DAVID PEELER personally, such service thereof was filed on February 29, 2012.  The Court, on March 16, 2010, having issued its Order substituting IRWIN KALINA as appointed Administrator for the Estate of ROBERT KALINA, in place of defendant, ROBERT KALINA, deceased.  I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein.  The default of defendant IRWIN KALINA is hereby noted.

On April 18, 2012, your Honor ordered judgment by default, stating:

> This action having been commenced on July 13, 2009 by filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on the defendant, ROBERT KALINA, on July 23, 2009 by personal service by a person of suitable age and discretion and a proof of service having been filed on July 25, 2009, and the defendant not having answered the Complaint, and the time for answering the Complaint having expired, it is ORDERED, ADJUDGED AND DECREED: That the plaintiff have judgment against defendant in an amount to be determined at an inquest with interest at 9% plus costs.

The case was referred to the undersigned for an inquest on damages.  On April 24, 2012, the Court directed the plaintiffs to prepare and file: (1) proposed findings of fact and conclusions of law; and (2) an inquest memorandum, accompanied by supporting affidavits and exhibits, setting forth proof of their damages, fees, interests, and costs.  The plaintiffs were also directed to "serve these documents on [defendant] and file proof of such service with the Clerk of Court." The defendant was directed, by the same order, to prepare and file any opposing memoranda, affidavit and exhibits as well as any alternative findings of fact and conclusions of law, and to serve the same on the plaintiffs.  The April 24, 2012 order provided that, if a hearing is requested by any party, a date for the hearing shall be fixed by the Court and provided to the parties, and, if no request for a hearing is made by any party within 45 days of service of the plaintiffs' inquest submissions, the determination will be made solely upon memoranda and affidavits, without any oral arguments.  Subsequently, the plaintiffs filed: (a) "Plaintiff's Proposed Finding of Fact and Conclusions of Law," Docket Entry No. 77; and (b) an affidavit by Lon Negrin, accompanied by Exhibits A, B and C, Docket Entry No. 79.  No proof of service of the plaintiffs' inquest submissions on the defendant was filed and no filing was made by the defendant.

### LEGAL STANDARD

"Strong public policy favors resolving disputes on the merits."  American Alliance Ins.

3

Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996).  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Unless the plaintiff's claim is for a sum certain,

> the party must apply to the court for a default judgment. . . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court must conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Rule 55(c) of the Federal Rules of Civil Procedure does not refer to a motion, and the court may set aside an entry of default sua sponte, for good cause.  See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 386 (7th Cir. 2008) ("the district court had the authority to set aside sua sponte an entry of default . . . for good cause."); Anheuser-Busch, Inc. v. Philpot, III, 317 F.3d 1264, 1267 (11th Cir. 2003) (the court could vacate the entry of default sua sponte); Rock v. AM. Express Travel Related Servs. Co., No. 08-cv-0853, 2008 WL 5382340, at *2 n.4 (N.D.N.Y. Dec. 17, 2008) (the court is able to set aside the entry of default sua sponte).  "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice."  Fed. R. Civ. P. 60(a).  "The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and

4

to evaluate the credibility and good faith of the parties."  <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 95 (2d Cir. 1993).

## APPLICATION OF LEGAL STANDARD

The defendant appeared in this action when he filed his: (a) motion to dismiss the complaint, or, alternatively, to stay the action pending the resolution of the related proceedings in Nicaragua, Docket Entry No. 5; (b) "Answer, Affirmative Defenses, and Counterclaims," Docket Entry No. 29; and (c) "First Amended Counterclaims," Docket Entry No. 32.  The plaintiffs knew that the defendant appeared in this action, <u>inter alia</u>, because they were served with these documents and they also filed their "Reply to the First Amended Counterclaim," Docket Entry No. 33.  Therefore, since the defendant appeared in this action, the plaintiffs were required to provide notice of their application for a judgment by default to the defendant, pursuant to Rule 55(b)(2), which they failed to do.  The plaintiffs also failed to comply with the Court's April 24, 2012 order directing them to serve their inquest submissions on the defendant and file proof of such service with the Clerk of Court, depriving the defendant of an opportunity to challenge the damages sought by the plaintiffs.  The plaintiffs' failure to provide the defendant notice, as required by Rule 55(b) of the Federal Rules of Civil Procedure and the April 24, 2012 order, is a serious deficiency warranting denial of the plaintiffs' request for damages.

Moreover, the Clerk's Certificate of Default, dated February 29, 2012, states erroneously that "the defendant has not filed an answer or otherwise moved with respect to the complaint," because the defendant made a motion to dismiss and filed an answer as well as counterclaims, as evidenced by the docket sheet maintained by the Clerk of Court for this action.  Since the defendant did file an answer after moving with respect to the complaint, good cause exists for your Honor to set aside, <u>sua sponte</u>, the entry of default, pursuant to Rule 55(c) of the Federal

Rules of Civil Procedure.

Similarly, the April 18, 2012 order of judgment by default is based on an erroneous ground, the defendant's failure to answer the complaint, which represents an oversight of the record in this action, since the defendant answered the complaint. Accordingly, vacating the April 18, 2012 default judgment order, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, is warranted to correct the mistake arising from this oversight. Relief under Rule 60(a) is especially warranted here where your Honor, in granting the plaintiffs' application for judgment by default, relied on the March 19, 2012 affidavit of the plaintiffs' attorney, Howard R. Birnbach, representing to the court, after "being duly sworn," that "[t]he defendant has not answered the complaint and the time for the defendant to answer the complaint has expired," see Docket Entry No. 74. This representation was contrary to the record and unsupported by evidence in this action at the time it was made. Inasmuch as the plaintiffs knew it was contrary to the record and unsupported by evidence in this action, their conduct implicates a violation of Rule 11(b) of the Federal Rules of Civil Procedure.

## RECOMMENDATION

For the foregoing reasons, I recommend that your Honor: (1) set aside the entry of default, Docket Entry No. 72; (2) vacate the April 18, 2012 order granting a judgment by default; (3) deny the plaintiffs' request for damages; and (4) order the plaintiffs and their attorney to show cause why their conduct in connection with the plaintiffs' application for a judgment by default has not violated Rule 11(b) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

6

objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Barbara S. Jones, 500 Pearl Street, Room 1920, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Jones. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
        September 11, 2012

Respectfully submitted,

Kevin Nathaniel Fox

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE