```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
LOU NEGRIN, FUSION, S.A., and       :
TOP OF PRODUCTIONS, LLC,            :
                                    :
              Plaintiffs,           :
                                    :   09-Cv-6234 (BSJ)(KNF)
         v.                         :
                                    :
                                    :   Order
                                    :
IRWIN KALINA as Administrator of THE:
ESTATE OF ROBERT KALINA, DAVID PEELER,:
and MOBAY SPORTSWEAR, INC.,         :
                                    :
              Defendants.           :
-----------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

The Court has reviewed Magistrate Judge Fox's Report & Recommendation dated September 11, 2012 and Plaintiff's Affidavit in Opposition. For the reasons detailed below, the Court adopts the Report & Recommendation in part.

### BACKGROUND

Plaintiffs filed this action against Defendants Robert Kalina, David Peeler, and Mobay Sportswear on July 13, 2009. (Dkt. 1.) On August 13, Defendants stipulated to service of the Summons and Complaint, and the parties stipulated to extending Defendants' time to answer. (Dkt. 4.) On September 1, 2009, all of the Defendants, including Robert Kalina, moved to dismiss the Complaint. (Dkt. 5.) Defendant Robert Kalina unexpectedly died on November 21, 2009.

1

On December 19, 2009, as required by Rule 25(a) of the federal rules of civil procedure, counsel for Defendants filed a Statement Noting a Party's death. (Dkt. 18.) On March 11, 2010, Plaintiffs moved to substitute Irwin Kalina, as Administrator of the Estate of Robert Kalina ("the Estate") as a defendant. (Dkt. 21.) The law firm Moore & Van Allen, apparently acting as probate counsel for the Estate, stipulated to accepting service of the motion. (Dkt. 24.) The Court granted the motion on October 22, 2010. (Dkt. 34.)

In the interim, Defendants filed through their attorneys McGuireWoods LLP an Answer on July 29, 2010, and an amended Answer on October 4, 2010. (Dkts. 29, 32.) Robert Kalina was still named in these papers, presumably because the Court had not yet granted the substitution motion. The papers, however, acknowledged Robert Kalina's death and the Estate's intent to defend the lawsuit in his place. (See, e.g., Answer at 1 and 3, ¶ 11.)

On September 8, 2011, McGuireWoods LLP moved to withdraw from representing the Estate because the Estate had not been paying its legal fees. (Dkts. 52-54.) The affidavit of Jason D. Evans, Esq., indicated that the Estate consented to the withdrawal and did not have enough assets to continue engaging in litigation. (Dkt. 54, at 2 ¶ 5.) The Estate filed no

objection, and Magistrate Judge Fox granted the motion on October 12, 2011. (Dkt. 57.) No counsel has appeared on the Estate's behalf since.

Plaintiffs ultimately voluntarily dismissed the case against Defendants David Peeler and Mobay Sportswear, Inc. on January 24, 2012. (Dkt. 68.) Plaintiffs then sought to default the Estate.

It appears from the ECF docket that Plaintiffs unsuccessfully attempted to file a Motion to Enter a Default Judgment on January 30, 2012. The filing was rejected by the Clerk's office and Plaintiffs' counsel was instructed to file the document electronically. (See Dkt. 68-69.) It does not appear that this was ever done.

Instead, on February 23, 2012, Plaintiffs filed a letter to the Court on the ECF docket. (Dkt. 69.) This filing was also rejected, since the Clerk's office does not accept letters for filing. The letter expressed that Plaintiffs were having difficulty defaulting the Estate because there was not an affidavit of service on file. The letter also indicated that "[t]he motion" (presumably, the Motion to Enter a Default Judgment that was never properly filed) "was sent to three attorneys for the Estate and we did not receive a reply of any kind." (Id.)

3

Less than a week later, on February 27, 2012, counsel for Plaintiffs improperly filed another letter to the Court, this time indicating that they were able to locate an affidavit of service on Robert Kalina, and requesting permission to proceed with a default. (Dkt. 70.) On February 29, 2012, Plaintiffs filed the affidavit of service (Dkt. 71) and a certificate of default from the Clerk of the Court. (Dkt. 72.)

The Clerk's Certificate of Default states,

> I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on July 13, 2009 with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant ROBERT KALINA by serving DAVID PEELER personally, such service thereof was filed on February 29, 2012. The Court, on March 16, 2010, having issued its Order substituting IRWIN KALINA as appointed Administrator for the Estate of ROBERT KALINA, in place of defendant, ROBERT KALINA, deceased. **I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein.** The default of the defendant **IRWIN KALINA** is hereby noted.

(emphasis added). This Certificate was issued in error because, as detailed above, Robert Kalina had moved to dismiss the Complaint on September 1, 2009, and after Robert Kalina passed away, the Estate answered the Complaint on July 29, 2010.

Relying on the Clerk's Certificate of Default, the Court erroneously signed an order of default judgment presented by

4

Plaintiffs against **Robert Kalina** on April 18, 2012, and referred the case to Magistrate Judge Fox for an inquest on damages. (Dkt. 74-75.) While engaging in the inquest, Judge Fox identified that the default against Robert Kalina on the basis of his failure to answer or move had been granted in error. He issued a Report & Recommendation on September 12, 2012 recommending that the Court vacate the default, deny Plaintiffs' request for damages, and sanction Plaintiffs' counsel. (Dkt. 80.)

Plaintiffs filed an opposition six days later. (Dkt. 81.) They argue that although the reason for the default — Robert Kalina's alleged failure to answer or move with respect to the Complaint - was incorrect, Plaintiffs are nevertheless entitled to a default against the Estate because the Estate has failed to procure new counsel and cannot proceed pro se. Plaintiffs represent that on January 27, 2012, when Plaintiffs moved for default against the Estate, they served four law firms that, at various times, represented the Estate, and received no opposition. (See id. at 2, ¶ 12.) The Court, however, cannot find any documents on file evidencing which firms were served or by what means. Perhaps this was included in the Motion to Enter a Default Judgment that was rejected by the Clerk's office on January 30, 2012. (See Dkt. 68-69.)

The Court issued an order for the parties to attend a phone conference on October 10, 2012. (See Dkt. 83.) Jason D. Evans of McGuireWoods LLP wrote the Court in response, reiterating that McGuireWoods no longer represented the Estate and would not be attending the conference. Mr. Evans indicated that the Estate is now represented generally by Andrew Nesbitt, Esq., of Nesbitt Law PLLC. Plaintiffs' counsel attended the conference and urged the Court to uphold the default since the Estate is unrepresented, cannot proceed pro se, and has ignored numerous opportunities to object to the default.

## ANALYSIS

Since Robert Kalina moved to dismiss the Complaint, it was in error to default him on the basis that he failed to answer or move with respect to the Complaint. In addition, after Robert Kalina's death, the Estate was properly substituted as a party pursuant to Rule 25(a) of the Federal Rules of Civil Procedure and answered the Complaint, so it similarly would be in error to default the Estate on that basis.

However, Irwin Kalina, as administrator of the Estate, is not permitted to appear pro se on the Estate's behalf. See Pridgen v. Anderson, 113 F.3d 391, (2nd Cir. 1997) ("an administr[ator] or execut[or] of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the

6

litigant"). Since McGuireWoods LLP withdrew in September 2011, no counsel has entered an appearance on behalf of the Estate. This is an appropriate basis on which Plaintiffs can move to default the Estate. See, e.g., United States v. Estate of Machat, No. 08 Civ. 7936(JGK), 2011 WL 2119750, at *2 (S.D.N.Y. May 24, 2011). It appears that the Estate has had multiple opportunities to object to being defaulted on this basis, although the Court cannot find any documents on file evidencing which firms representing the Estate were served the Motion to Enter a Default Judgment or by what means.

Ultimately, the problems with the default here seem to be inattention specifically to the ECF Rules of this Court and to the details of this litigation in general, but not dishonest conduct. Accordingly, the Court adopts in part Magistrate Judge Fox's Report & Recommendation with respect to vacating the default judgment against Robert Kalina, but declines to adopt it with respect to denying Plaintiffs' request for damages or sanctioning Plaintiffs' attorneys.

**IT IS THEREFORE ORDERED:**

    (a)    The Entry of Default (Dkt. 72) is SET ASIDE;

    (b)    The April 18, 2012 Order granting a judgment by default against Robert Kalina (Dkt. 74) is VACATED;

    (c)    Plaintiffs are instructed to properly file a Motion to

    Enter a Default Judgment against Irwin Kalina, as Administrator of the Estate of Robert Kalina, by November 1, 2012, and to include along with their Motion an appropriate affidavit showing service on Andrew Nesbitt, Esq., Nesbitt Law PLLC, 2108 South Blvd., Suite 106, Charlotte, NC 28203. Plaintiffs are warned that failure to comply with this order shall result in the Court dismissing Plaintiffs' case against the Estate.

(d)  The Estate is instructed that failure to respond to Plaintiffs' Motion to Enter a Default Judgment by November 15, 2012 will result in the Court entering a default judgment against the Estate.

The Clerk of the Court is directed to set aside the Entry of Default (Dkt. 72) and to vacate the April 18, 2012 Order granting a judgment by default (Dkt. 74).

**SO ORDERED:**

                      _____
                      BARBARA S. JONES
                      UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
      October 18, 2012