```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LON NEGRIN, FUSION, S.A. AND,                         :
TOP OF PRODUCTIONS, LLC,
                                                      :
                        Plaintiffs,
                                                      :
        -against-                                         REPORT AND RECOMMENDATION
                                                      :
IRWIN KALINA, Appointed Administrator                     09 Civ. 6234 (LGS)(KNF)
of the Estate of Robert Kalina,                       :

                        Defendant.                    :
------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LORNA G. SCHOFIELD, UNITED STATES DISTRICT JUDGE

On April 12, 2013, the Court granted a motion by the plaintiffs' attorney to withdraw from this action and allowed Fusion, S.A.[1] and Top of Productions, LLC time to engage counsel, warning them that if they failed to do so, on or before April 26, 2013, their claims would be subject to dismissal. As of May 9, 2013, Fusion, S.A. and Top of Productions, LLC had not complied with the Court's directive, that they engage counsel. Therefore, the Court enlarged their time to secure counsel to May 27, 2013. Thereafter, no attorney filed a notice of appearance on behalf of Fusion, S.A. and Top of Productions, LLC.

On June 17, 2013, purporting to act pro se, Fusion, S.A. and Top of Productions, LLC made a "Motion for Damages to be Transferred," which included a "Stipulation of assignment," purporting to "assign and transfer all rights, title, interests and damages" in this action "to co-plaintiff and sole shareholder/member of above mention [sic] Company/LLC, namely LON

---

[1] "S.A." designates a type of foreign corporation.

1

NEGRIN." Fusion, S.A. and Top of Productions, LLC contend that their motion "is based [on] the fact that retaining counsel to represent us for the damages proceeding is very expensive," and "any damages to be awarded in the damages inquest are going to be extremely difficult to collect."

*Legal Standard*

A corporate entity and a limited liability company may not appear in federal court except through counsel. See United States v. Twenty Miljam-350 IED Jammers, 669 F.3d 78, 91 (2d Cir. 2011); City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 132 (2d Cir. 2011). An exception to this rule exists "if a corporation has a defense to an action against it and is not asserting it, [then] a stockholder may intervene and defend on behalf of the corporation." Price v. Gurney, 324 U.S. 100, 105, 65 S. Ct. 513, 516 (1945). "[W]here a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55 [of the Federal Rules of Civil Procedure]." Grace v. Bank Leumi Trust Co. of New York, 443 F.3d 180, 192 (2d Cir. 2006). However, where the corporation is a plaintiff, dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate. See V.D.B. Pacific B.V. v. Chassman, 277 F.R.D. 121, 126 (S.D.N.Y. 2011) (noting that a corporate plaintiff's "failure to retain new counsel may result in both (1) the dismissal of [its] claims for failure to prosecute, and (ii) the entry of a default judgment against [it] on the counterclaims of defendants.").

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209

(2d Cir. 2001).  Before dismissing a plaintiff's claims for failure to prosecute, courts consider the following factors: (1) "the duration of the plaintiff's failures"; (2) "whether plaintiff had received notice that further delays would result in dismissal"; (3) "whether the defendant is likely to be prejudiced by further delay"; (4) "whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard"; and (5) "whether the judge has adequately assessed the efficacy of lesser sanctions."  Id.

*Application of Legal Standard*

      Fusion, S.A., a corporate entity, and Top of Productions, LLC, a limited liability company have been without counsel since April 12, 2013.  They failed to engage counsel, as directed by the Court's May 9, 2013 order, which gave them notice that failing to engage counsel, on or before May 27, 2013, would expose their claims to dismissal.  Fusion, S.A. and Top of Productions, LLC are not subject to the exception to the rule that neither a corporation nor a limited liability company may appear in an action except through counsel, because they are plaintiffs and not defending against any claims in this action.  Although a default had been entered against the defendant on October 25, 2012 (Docket Entry No. 89), this action commenced in July 2009, and any further delays are prejudicial to the defendant because they prolong the lack of finality that a judgment brings.  Fusion, S.A. and Top of Productions, LLC received: (1) notice of the consequence of delaying the action further by not engaging counsel; and (2) a fair chance to be heard.  In this case, no lesser sanction than dismissal of their claims would be efficacious, since Fusion, S.A. and Top of Productions, LLC indicated to the Court their intention not to engage counsel, in their purported "Motion for Damages to be Transferred," when they stated that "retaining counsel to represent us for the damages

proceedings is very expensive." The purported "Motion for Damages to be Transferred" was made without counsel; thus, improperly, because Fusion, S.A. and Top of Productions, LLC cannot proceed pro se. See Grace, 443 F.3d at 192. Accordingly, the appropriate action for Fusion, S.A.'s and Top of Productions, LLC's failure to engage counsel is to dismiss their claims pursuant to Fed. R. Civ. P. 41(b).

## RECOMMENDATION

For the foregoing reasons, I recommend that: (a) the claims made by Fusion, S.A. and Top of Productions, LLC be dismissed; and (2) the Clerk of Court be directed to record as terminated, on the docket sheet, the purported "Motion for Damages to be Transferred," Docket Entry No. 107, since it was made improperly.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield, 40 Centre Street, Room 201, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Schofield. *Failure to file objections within fourteen (14) days will result in a waiver of objections and*

*will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985);

Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York  
       October 15, 2013

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE